NO. 07-03-0449-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 26, 2004



______________________________




BENJAMINE WILLIAM CHIPMAN AKA 


BENJAMIN WILLIAM CHIPMAN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;



NO. 86047; HONORABLE CHARLES D. CARVER, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION
 

 Pursuant to a plea agreement, appellant Benjamine William Chipman aka Benjamin
William Chipman was convicted of forgery and punishment was assessed at two years
confinement in a state jail facility, suspended for five years of community supervision. After
a hearing on the State's motion to revoke, the trial court revoked appellant's community
supervision and assessed the original punishment. In presenting this appeal, counsel has
filed an Anders (1) brief in support of a motion to withdraw. We affirm and grant counsel's
motion to withdraw.

 In support of his motion to withdraw, counsel has certified that he has diligently
reviewed the record and, in his opinion, the record reflects no reversible error or grounds
upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967). Thus, he concludes the appeal is frivolous and without
merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel
has discussed why, under the controlling authorities, there is no error in the court's
judgment. Counsel has also shown that he sent a copy of the brief to appellant, and
informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel
has demonstrated that he notified appellant of his right to review the record and file a pro
se brief if he desired to do so. By its brief the State agrees with appellate counsel that no
reversible error is presented and the sentence was within the punishment range authorized
by statute. Appellant filed a pro se response complaining of his counsel's performance at
the revocation hearing.

 A review of the record establishes that appellant was convicted of forgery on
October 7, 2002, and placed on community supervision for five years. By its amended
motion to revoke, on June 24, 2003, the State alleged appellant had violated numerous
conditions of his community supervision. Of the 19 allegations advanced by the State,
appellant freely and voluntarily pled true to violating six of the conditions of community
supervision. Evidence was presented on a seventh allegation after which the trial court
found appellant had violated the terms of community supervision and assessed the original
punishment of two years confinement in a state jail facility.

 By the Anders brief, counsel does not raise any arguable points. Appellant, however,
complains of his counsel's performance at the revocation hearing. He asserts counsel was
held in contempt for being late to the hearing and also represented to him that he would
only receive 14 months for revocation of his community supervision and a new offense. A
claim of ineffective assistance of counsel is reviewed under the standard set out in
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under
Strickland, a defendant must establish that (1) counsel's performance was deficient (i.e.,
fell below an objective standard of reasonableness), and (2) there is a reasonable
probability that but for counsel's deficient performance, the result of the proceeding would
have been different, a reasonable probability being a probability sufficient to undermine
confidence in the outcome. Rylander v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003);
see also Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). Any allegation of
ineffectiveness must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813
(Tex.Cr.App. 1999). Where, as here, the record on direct appeal is not sufficient to show
that counsel's representation was so deficient as to meet the first prong of Strickland,
appellant has failed to meet his burden to show that counsel's performance prejudiced his
defense. See Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002).

 Appellate review of a revocation order is limited to determining whether the trial court
abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984); Jackson
v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983). One sufficient ground for revocation
supports the trial court's order. Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980). 
Additionally, a plea of true standing alone is sufficient to support the trial court's revocation
order. Moses v. State, 590 S.W.2d 469, 470 (Tex.Cr.App. 1979). Appellant's plea of true
to six allegations is sufficient to support the trial court's revocation order.

 We have also made an independent examination of the entire record to determine
whether there are any other arguable grounds which might support this appeal. See
Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We have found no
non-frivolous issues and agree with counsel that the appeal is without merit. Currie v.
State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578
(Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



ar bill) lay in
plain view by the bed are of import. To this we add the testimony that drug dealers often
sell their wares from motel rooms and may not always have scales or packaging material
with them. So too do we note that the amount of drugs within the room exceeded that
which one would normally buy for personal use. Again, according to a witness, it was
common to sell $20 rocks weighing between .1 to .2 grams for personal use. Yet, appellant
had in his presence 1.81 grams of cocaine, or enough to comprise between nine to
eighteen rocks. And, these circumstances led at least two officers to opine, without
objection and based on their training and experience, that the room was being used as an
outlet for the sale of crack. 

 The sum total of the foregoing was some evidence upon which a rational jury could
find, beyond reasonable doubt, that appellant knowingly possessed a controlled substance
with the intent to deliver. And, while the evidence could have been stronger, it was not too
weak, when considered in a neutral light, to support the verdict beyond reasonable doubt. 
Indeed, the quantity of drug present was most telling. Thus, we conclude that the evidence
was both legally and factually sufficient to support the verdict.

 The judgment of the trial court is affirmed.


 Brian Quinn

 Chief Justice


Do not publish.
1. The name appellant's companion had given the officers was not hers. Thus, she was surprised to
discover that she was wanted on an outstanding arrest warrant. Interestingly, there were no outstanding
warrants linked to her actual name. 
2. Though appellant denominated his issue as one questioning the factual sufficiency of the evidence,
he repeatedly stated that "no" evidence established one or more of the elements. Such language smacks of
a challenge focused upon the legal sufficiency of the evidence. Consequently, in assessing whether the
evidence is factually sufficient to support the verdict, we will also determine whether it was legally sufficient
as well. 
3. Given that circumstantial evidence may be used to prove guilt, appellant's repeated utterance in his
brief that the State proffered no "direct" evidence satisfying the elements of the crime is of little import. Simply
put, the State is not restricted to using "direct" evidence to secure a conviction.